IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.
                                                  CV 16-895 RB/WPL
                                                  CR 03-1133 RB

ANTHONY DAVID TEAGUE,

    Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before me on Anthony Teague's "Verified Petition for Writ of Error Coram Nobis," pursuant to 28 U.S.C. § 1651. (CV Doc. 1; CR Doc. 82.)[1] Teague seeks to have his 2003 conviction (Teague was sentenced on March 25, 2004) "set aside, vacated, and declared null and void." (*Id.* at 1.) Teague's case has already been through appellate and collateral proceedings (*see* CR Doc. 72 (Order from the Tenth Circuit Court of Appeals affirming the decision of the District court); CR Doc. 119 (notice that Teague's petition for writ of certiorari was denied by the Supreme Court); CR. Doc. 81 (judgment dismissing and denying Teague's 2007 motion to set aside sentence pursuant to 28 U.S.C. § 2255).) In his latest petition, Teague argues that his conviction should be overturned because he received the ineffective assistance of counsel when his trial counsel "failed to object to jury instructions which lowered the Government's burden of proof regarding the required culpable mental state." (Doc. 1 at 1-2.)

A petition for a writ of coram nobis is rather rare, but "provides a way to collaterally attack a criminal conviction for a person . . . who is no longer 'in custody' and therefore cannot

---

[1] All citations to "CV Doc." refer to documents filed in the civil case, CV 16-895 RB/WPL. All citations to "CR Doc." refer to documents filed in the criminal case, CR 03-1133 RB. Documents filed in both cases are cited by reference to the corresponding document in the civil case.

seek habeas relief under 28 U.S.C. § 2255 or § 2241." *Chaidez v. United States*, 568 U.S. 342, 345 n.1 (2013). A writ of error coram nobis is available only to correct errors resulting in "a complete miscarriage of justice," or "under circumstances compelling such action to achieve justice." *Klein v. United States*, 880 F.2d 250, 253 (10th Cir. 1989) (internal quotations omitted). A defendant is not entitled to coram nobis relief "unless relief under 28 U.S.C. § 2255 was unavailable or would have been inadequate." *United States v. Payne*, 644 F.3d 1111, 1112 (10th Cir. 2011). "It is irrelevant that a § 2255 motion would have been untimely by the time [the defendant] filed his petition for a write of coram nobis." *Id.* at 1111; *see Prost v. Anderson*, 636 F.3d 578, 589 (10th Cir. 2011) (holding that § 2255 is inadequate or ineffective only if the remedy itself is deficient, "not the failure to use it or to prevail under it").

There are three prerequisites to the granting of a writ of coram nobis. *Embrey v. United States*, 240 F. App'x 791, 794 (10th Cir. 2007) (unpublished). "First, the petitioner must have exercised diligence in bring his or her claim." *Id.* "Second, the writ is only available when other remedies and forms of relief are unavailable or inadequate." *Id.* The Tenth Circuit has explained this to mean that the petitioner "must exhaust all otherwise available remedies, which includes seeking post-conviction relief under § 2255." *Id.* (citing *United States v. Carpenter*, 24 F. App'x 899, 905 (10th Cir. 2001) (unpublished)). "Third and finally, the writ is available to correct errors of a fundamental nature." *Id.* "The proceedings leading to the petitioner's underlying conviction are presumptively correct and the burden is on the petitioner to assert a jurisdictional or constitutional error resulting in a complete miscarriage of justice." *Id.* (internal citation and quotation omitted). The Supreme Court has said that "it is difficult to conceive of a situation in a federal criminal case today where [a writ of coram nobis] would be necessary or appropriate." *Id.* (quoting *Carlisle v. United States*, 517 U.S. 416, 429 (1996)) (alteration in original).

Teague was convicted by a jury of transmitting in interstate commerce a communication containing a threat, in violation of 18 U.S.C. § 875(c). *United States v. Teague*, 443 F.3d 1310, 1311 (10th Cir. 2006). During the jury instruction conference, the district court proposed the following elements-of-the-offense instruction:

> Title 18 U.S.C. § 875(c), makes it a crime for anyone to transmit a threatening communication in interstate or foreign commerce. For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:
>
> First, that the defendant knowingly transmitted a communication containing a threat to injure the person of another as charged in the Indictment;
>
> Second, that the communication was sent in interstate commerce.
>
> A "threat" is a serious statement expressing an intention to injure any person which, under the circumstances, would cause apprehension in a reasonable person, as distinguished from mere idle or careless talk, exaggeration, or something said in a joking manner. It is not necessary to prove that the defendant actually intended to carry out the threat.

*Id.* at 1318. The Tenth Circuit continued:

> During the instruction conference the prosecutor requested that the proposed instruction be modified to emphasize that "the thing that must be proved is that the defendant intentionally sent the message." R. Vol. 1X at 143. (The record does not contain the requested instruction.) But defense counsel objected to the modification and the court decided to make no change.
>
> Mr. Teague now argues that the instruction given was erroneous. Although he does not suggest alternative language, he complains that the elements instruction did not properly state what state of mind was necessary to violate § 875(c). In light of Mr. Teague's testimony at trial, we understand his argument to be that it was not enough for the jurors to find, as the elements instruction directed them, that he sent the e-mail with knowledge that a reasonable person would take the message as a threat. After all, he essentially conceded this knowledge in his trial testimony. Rather, he claims, it was essential for the jury to find that he intended the message as a threat, which we take to mean that he wanted the recipient (Locatelli) to feel threatened.

*Id.*

In 2007, Teague filed a motion under 28 U.S.C. § 2255 based, in part, on a claim for ineffective assistance. *See Teague v. United States*, No. CIV 07-0326 RB/LCS, ECF No. 14 at 6 (D.N.M. July 24, 2007) (issues raised include "[w]hether counsel was ineffective for failing to investigate [Teague's] competency after the Court had already found [Teague] competent to stand trial" and "[w]hether counsel was ineffective for failing to pursue a temporary insanity defense").

Teague now argues that counsel was ineffective because he failed to object to the elements instruction.

This petition can be resolved at the first prerequisite enumerated by *Embrey*: while Teague did file a motion under § 2255, he failed to raise the fact that his attorney did not object to the jury instructions as a basis for his claim of ineffective assistance. Teague argues that he could not have presented this claim in his initial § 2255 motion because his trial counsel would, in one way or another, have sabotaged the motion to protect his professional reputation. This claim is unfounded, spurious, and unsupported.

Teague must show that he exercised due diligence in raising the issues and that any information used was not previously available to him. *See Carpenter*, 24 F. App'x at 905. While Teague argues that his claim of ineffective assistance based on the failure to object to jury instructions is new, this argument is belied by the record. In his direct appeal, Teague raised the issue of jury instructions. *See United States v. Teague*, 443 F.3d at 1318-19. The Tenth Circuit rejected that argument because it was not preserved below and because the district court did not commit plain error, but also noted that the Court's "review of the circuit opinions suggests that there may not be any [circuit] that would reject the elements instruction given here." *Id.* at 1319.

Given that Teague was aware in 2006 of the challenged jury instruction, it is inconceivable that he lacked information to make an ineffective assistance claim during his 2007 motion under § 2255. Teague did not raise the jury instruction issue in 2007. Therefore, I recommend that the Court conclude that Teague has not exercised due diligence in raising the issue and the issue is therefore waived. Based on that conclusion, I recommend that the Court further conclude that Teague does not meet the prerequisites for a writ of coram nobis and thus deny his petition with prejudice.

I further recommend that the Court deny Teague's motion to appoint counsel (Doc. 8) because Teague has adequately represented himself and there is no Sixth Amendment right to appointed counsel in collateral proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *see also Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (outlining five factors to consider when appointing counsel in collateral proceedings: the merits of the claims, the nature of the factual issues raised in the claims, the litigant's ability to present the claims, and the complexity of the legal issues raised by the claims).

Finally, I recommend that the Court deny Teague's motion for leave to file an amended petition (Doc. 13) because no amount of amendment will change the fact that he could and should have raised this claim for ineffective assistance during his 2007 motion under § 2255, and amendment would therefore be futile.

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

                                                        WILLIAM P. LYNCH
                                                        UNITED STATES MAGISTRATE JUDGE