THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Respondent,

v.                                                         CIV 16-0895 RB/JHR
                                                        CR 03-1133 RB-1

ANTHONY DAVID TEAGUE,

    Petitioner.

## ORDER ADOPTING MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Magistrate Judge William P. Lynch filed his Proposed Findings and Recommended Disposition on August 25, 2017. (Doc. 130.)[1] The proposed findings notify Petitioner of his ability to file objections and that failure to do so waives appellate review. To date, Petitioner has not filed any objections, and there is nothing in the record indicating that the proposed findings were not delivered.

Mr. Teague has filed several other motions that remain pending at this time: a Motion to Appoint Counsel and Obtain Transcripts, filed on August 18, 2016 (Doc. 89); a Motion for Leave to File an Amended Petition, filed on January 9, 2017 (Doc. 128); and a Motion to Recharacterize Action as Petition Under 28 U.S.C. § 2241," filed on October 19, 2017[2] (Doc. 133).

After a *de novo* review of the record and the Proposed Findings and Recommended Disposition (PFRD), the Court will (1) deny Mr. Teague's pending motions (Docs. 89, 128, 133),

---

[1] Unless otherwise noted, all document numbers refer to Mr. Teague's criminal case: 03-CR-01133.
[2] Mr. Teague first filed a Motion to Recharacterize Action as a Rule 60(b) Motion on October 16, 2017 (Doc. 132), but he withdrew that motion in his pending Motion. (*See* Doc. 133 at 1 ("This [Motion to Recharacterize Action as Petition Under 28 U.S.C. § 2241] is designed to supercede [sic] and replace a previously filed motion by petitioner that the action be treated as a Rule 60(b) motion. That previous motion should be considered withdrawn by Petitioner.").)

(2) adopt the Magistrate Judge's PFRD (Doc. 130), and (3) dismiss this case with prejudice.

I.  **Background and PFRD**

The Court notes that there is a thorough summary of the procedural history of Mr. Teague's pre-trial, trial, and post-trial proceedings (including his motion to vacate pursuant to § 2255) in the July 24, 2007 Magistrate Judge's PFRD. (*United States v. Teague*, 07cv0326 RB/LCS, PFRD (D.N.M. July 24, 2007).) The Court incorporates the summary here by reference.

In his 2016 Verified Petition for Writ of Error Coram Nobis, Mr. Teague contends that his conviction should be overturned because he received ineffective assistance of counsel. (*See* Doc. 82.) After reviewing the record and the relevant law, the magistrate judge concluded that the Court should deny Mr. Teague's Petition, because he "has not exercised due diligence in raising the issue and the issue is therefore waived." (Doc. 130 at 5.)

Pursuant to Rule 72(b) the parties had 14 days to file objections after Judge Lynch filed the PFRD. Fed. R. Civ. P. 72(b). "Objections must be timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *Neihart v. United States*, No. CV 16-708 WJ/CG, 2017 WL 3726765, at *2 (D.N.M. Aug. 28, 2017) (citing *United States v. One Parcel of Real Prop., with Bldgs., Appurtenances, Improvements, & Contents*, 73 F.3d 1057, 1060 (10th Cir. 1996)). "Additionally, issues 'raised for the first time in objections to the magistrate judge's recommendation are deemed waived.'" *Id.* (quoting *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) (internal citations omitted); citing *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.") (quoting *Marshall*, 75 F.3d at

1426)).

## II. Motion to Recharacterize

Mr. Teague did not file objections within the 14-day period. Instead, he filed a "Motion to Recharacterize Action as Petition Under 28 U.S.C. § 2241." (Doc. 133.) It is clear to the Court that Petitioner's Motion is simply a veiled attempt to circumvent the Magistrate Judge's PFRD. Consequently, the Court will construe this Motion as objections to the PFRD and will deny the Motion. Even if the Court construed the Motion as one pursuant to § 2241, the Court would dismiss it without prejudice on the grounds that it lacks jurisdiction, because Petitioner has not shown that a § 2255 motion is inadequate.

### A. Construed as Objections

"As explained, theories raised for the first time in objections are deemed waived." *Neihart*, 2017 WL 3726765, at *4 (citing *Marshall*, 75 F.3d at 1426; *Garfinkle*, 261 F.3d at 1031). In his new Motion, Mr. Teague asks the Court to treat his Verified Petition for Writ of Error Coram Nobis as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. 133.) The only law he cites is on § 2255(e)'s savings clause. (*Id.* (citing *Triestman v. United States*, 124 F.3d 361, 377 (2d Cir. 1997) (finding that "§ 2255 is inadequate or ineffective to test the legality of [the prisoner's] detention," so the prisoner was "entitled to raise his claim of actual innocence in a petition for a writ of habeas corpus").) The Tenth Circuit has explained:

> Following AEDPA's enactment, federal prisoners who are barred from bringing second or successive § 2255 motions may still be able to petition for habeas relief under § 2241 through the mechanism of § 2255(e)'s savings clause. "To fall within the ambit of [the] savings clause and so proceed to § 2241, a prisoner must show that 'the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention.'" *Prost* [*v. Anderson*], 636 F.3d [578,] 581 (10th Cir. 2011)] (second alteration in original) (quoting 28 U.S.C. § 2255(e)). Section 2255, however, has been found to be "inadequate or ineffective" only in

3

> "extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999); see *Brace* [*v. United States*, 634 F.3d 1167,] 1169 [(10th Cir. 2011)] (stating that "§ 2255 will rarely be an inadequate or ineffective remedy to challenge a conviction"). In *Prost*, we set forth our test: we ask "whether a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion. If the answer is yes, then the petitioner may not resort to the savings clause and § 2241." 636 F.3d at 584.

*Abernathy v. Wandes*, 713 F.3d 538, 547 (10th Cir. 2013). Petitioner carries the "burden to show that he meets § 2255(e)'s savings clause." *Id.* (citing *Prost*, 636 F.3d at 584). Mr. Teague makes no effort to show he meets the savings clause. Nor does the Court find he would be able to make such a showing. Petitioner's argument regarding ineffective assistance of counsel is a tried and true theory made pursuant to § 2255 motions.

Regardless, to the extent Petitioner presents a new theory, this theory was raised for the first time in his objection to the PFRD and is thus waived. Accordingly, the Court construes the Motion to Recharacterize as objections, overrules the objections, and denies the motion.

### B.  Construed as Motion under § 2241

Were the Court to interpret the Motion as one to amend his initial Petition, the Court would dismiss it for lack of jurisdiction. As discussed above, Petitioner failed to show that § 2255 is inadequate to test the validity of his conviction. Thus, a § 2241 petition is improper and the Court would "dismiss[] the petition without prejudice on the ground that it lack[s] jurisdiction to consider [Petitioner's] claims." *Gibson v. Fleming*, 28 F. App'x 911, 913 (10th Cir. 2001) (citing *Bradshaw*, 86 F.3d at 166–67).

Even if Mr. Teague could make such a showing, his § 2241 Petition would fail for at least two reasons. First, "[a] petition under 28 U.S.C. § 2241 . . . must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (citing *United States*

4

*v. Scott*, 803 F.2d 1095, 1096 (10th Cir. 1986) (internal citations omitted)). Mr. Teague is confined in the McConnell Unit of the Texas Department of Criminal Justice in Beeville, Texas; thus, he would need to file a § 2241 petition in the United States District Court for the Southern District of Texas.

Second, "[a] petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity . . . ." *Id.* (citing *Scott*, 803 F.2d at 1096). "It is not an additional, alternative, or supplemental remedy to 28 U.S.C. § 2255." *Id.* (citing *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963), *cert. denied* 377 U.S. 980 (1964)). A motion under § 2255, which is "filed in the district that imposed the sentence," *id.* (citing *United States v. Condit*, 621 F.2d 1096, 1097 (10th Cir. 1980) (quoting 28 U.S.C. § 2255)), "determin[es] the validity of a judgment by the court which imposed the sentence . . . ." *Id.* (quoting *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (internal citations omitted)). Petitioner's claim that he was denied the right to effective assistance of counsel is an attack on the validity of this Court's judgment, it is not an attack on how his sentence is being executed.[3] Therefore, a Motion pursuant to § 2241 is improper and would be denied.

**THEREFORE,**

**IT IS ORDERED** that the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 130; Doc. 16 in 16cv0895) is **ADOPTED**;

**IT IS FURTHER ORDERED** that Mr. Teague's Motion to Vacate, Set Aside or Correct Sentence ("Petition") (Doc. 82; Doc. 1 in 16cv0895) is **DENIED** and the Petition is dismissed

---

[3] Petitioner also vaguely argues that the fact of this conviction caused him to receive an "enhanced sentence" in a separate proceeding in Texas. (*See* Docs. 82 at 1 "Petitioner is serving an enhanced sentence, based upon this prior conviction, of . . . 20 years[] pursuant to a final court judgment issued on February 10, 2014 in the State of Texas."); 133 at 1.) While Petitioner does not develop this argument, the Court finds that a motion under § 2241 is still not the proper way to attack the validity of his conviction in this Court.

with prejudice;

**IT IS FURTHER ORDERED** that the Motion to Appoint Counsel and Obtain Transcripts (Doc. 89; Doc. 8 in 16cv0895) is **DENIED**;

**IT IS FURTHER ORDERED** that the Motion for Leave to File an Amended Petition (Doc. 128; Doc. 13 in 16cv0895) is **DENIED**;

**IT IS FURTHER ORDERED** that Mr. Teague's Motion to Recharacterize Action as Petition Under 28 U.S.C. § 2241 (Doc. 133; Doc. 20 in 16cv0895) is construed as objections to the PFRD and is **DENIED**.

The Court will enter a final order concurrently herewith.

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE