IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff/Respondent,

vs.                                        No. CR 03-01133 RB/GBW
                                         No. CV 17-01261 RB/GBW

ANTHONY DAVID TEAGUE,

      Defendant/Movant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court, *sua sponte* under Rule 4(b) of the Rules Governing Section 2255 Proceedings, upon Defendant/Movant David Anthony Teague's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion") (Doc. 138). Teague's Motion is a second or successive motion under 28 U.S.C. § 2255 filed without authorization from the United States Court of Appeals for the Tenth Circuit, and the Court will dismiss the Motion for lack of jurisdiction.

Defendant/Movant Anthony David Teague was sentenced to 21 months imprisonment on March 26, 2004, for Threat to Injure a Person Through Interstate Commerce in violation of 18 U.S.C. § 875(c). (Doc. 61.) Teague filed a direct appeal of his conviction and sentence on April 2, 2004. (Doc. 63). The Tenth Circuit affirmed his conviction and sentence on May 15, 2006. (Doc. 72.)

Teague filed his first motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 attacking the conviction and sentence in this case on March 30, 2007. (Doc. 74.) The Court dismissed Teague's § 2255 Motion with prejudice and entered Judgment against him on August

1

16, 2007. (Doc. 81.) After he finished his sentence, but while incarcerated on Texas state criminal charges in Texas, Teague then filed a Petition for Writ of Error Coram Nobis on July 25, 2016. (Doc. 82.) Teague sought to have his conviction in this case set aside because it was allegedly being used to improperly enhance his Texas state sentence. (Doc. 82.) The Magistrate Judge issued Proposed Findings and a Recommended Decision ("PFRD") on August 25, 2017, recommending that Teague's Petition for Writ of Error Coram Nobis be denied with prejudice. (Doc. 130.) The District Judge adopted the Magistrate's Judge's PFRD and denied the Petition with prejudice on October 27, 2017. (Doc. 134.)

Teague filed his current Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on December 26, 2017. (Doc. 138.) In his current Motion, Teague again attacks his now-completed sentence in this case, contending that it is being used to improperly enhance his Texas state sentence. (Doc. 138 at 11.) Teague's current Motion constitutes a second or successive § 2255 and is filed in violation of 28 U.S.C. §§ 2244 and 2255.

Section 2255 provides that a second or successive motion must be certified in accordance with § 2244 by a panel of a court of appeals to contain: (1) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law that was previously unavailable and was made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2255(h). Section 2244 requires that, before a second or successive application is filed in the district court, the applicant shall move the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A).

Teague has filed his § 2255 Motion without authorization from a court of appeals as required by § 2244(b)(3)(A). This Court lacks jurisdiction to consider his Motion absent the requisite authorization. When a second or successive § 2255 motion is filed in the district court without the required authorization from a court of appeals, the district court may dismiss or may transfer the matter to the court of appeals if it determines it is in the interest of justice to do so under 28 U.S.C. § 1631. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

Applying *Cline*, the Court determines it is not in the interest of justice, declines to transfer, and will dismiss this matter for lack of jurisdiction. Teague is no longer in federal custody and, as a consequence, may no longer seek relief under § 2255. Instead, Teague may only attack his federal conviction and sentence by a petition for writ of error coram nobis, which Teague has already done. *United States v. Denedo*, 556 U.S. 904, 911 (2009); *see also Klein v. United States*, 880 F.2d 250, 253 (10th Cir. 1989); *Igo v. United States*, 303 F.2d 317, 318 (10th Cir. 1962). Because Teague may no longer obtain relief under § 2255, it is unlikely that the Tenth Circuit would authorize him to proceed on a second or successive § 2255 motion. It would not serve the interest of justice for this Court to transfer Teague's § 2255 Motion to the Tenth Circuit, and the Court will dismiss the Motion for lack of jurisdiction. *Cline*, 531 F.3d at 1252.

Last, under 28 U.S.C. § 2253(c)(1), "[u]nless a circuit justice or a judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . (B) the final order in a proceeding under section 2255." A certificate of appealability may issue under § 2253(c)(1) only if the movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Rule 11(a) of the Rules Governing Section 2255 Cases provides that the district court must issue or deny a certificate of appealability when it enters a final order adverse to the § 2255 movant. The Court determines, *sua sponte* under Rule 11(a) of the Rules

Governing Section 2255 Cases, that Teague has failed to make a substantial showing that he has been denied a constitutional right and the Court will deny a certificate of appealability.

**IT IS ORDERED:**

(1) Defendant/Movant Anthony David Teague's Request for Order to Respond (Doc. 140) is **DENIED** as moot;

(2) Anthony David Teague's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion") (Doc. 138) is **DISMISSED** for lack of jurisdiction,

(3) a certificate of appealability is **DENIED**, and judgment will be entered.

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE