IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANTHONY DAVID TEAGUE

    Movant,

vs.                                                                                No. CV 07-0326 RB/LCS
                                                                               No. CR 03-1133 RB

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**
**AND ORDER TO SHOW CAUSE WHY FILING RESTRICTIONS**
**SHOULD NOT BE IMPOSED**

**THIS MATTER** comes before the Court *sua sponte* under Federal Rule of Civil Procedure 60(b) and 28 U.S.C. § 2255, upon Movant Anthony David Teague's Third Motion for Relief From Judgment or Order (CV 07-0326 RB/LCS ("CV") Doc. 30), Fourth Rule 60(b) Motion (CV Doc. 31), Motion to Withdraw Third 60(b)(6) Motion (CV Doc. 32), Motion to Amend § 2255 Motion (CV Doc. 33), and Motion to Amend Third Rule 60(b) Motion (CV Doc. 34). These motions, considered collectively, constitute a successive motion under 28 U.S.C. § 2255 filed without authorization from the United States Court of Appeals for the Tenth Circuit. The Court will dismiss the motions for lack of jurisdiction. The Court will also order Mr. Teague to show cause why filing restrictions should not be imposed based on his lengthy and abusive filing history.

**FACTUAL AND PROCEDURAL BACKGROUND**

Anthony David Teague was sentenced by this Court to 21 months imprisonment on March 26, 2004, for Threat to Injure a Person Through Interstate Commerce in violation of 18 U.S.C. § 875(c). (CR 03-1133 RB ("CR") Doc. 61.) Teague filed a direct appeal of his conviction and sentence on April 2, 2004. (CR Doc. 63). One of the issues raised in Teague's direct appeal was

1

claimed error in the jury instruction on the elements of the crime. The Tenth Circuit rejected Teague's argument and affirmed his conviction and sentence on May 15, 2006. (CR Doc. 72 at 21–25.) *United States v. Teague*, 443 F.3d 1310, 1318–19 (10th Cir. 2006).

Teague filed his first motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 attacking the conviction and sentence in his criminal case on March 30, 2007. (CR Doc. 74.) This case was opened as a companion civil case, No. CV 07-0326 RB/LCS. (CV Doc. 1.) In his first § 2255 motion, Teague raised the issue of ineffective assistance of counsel, but he did not include the jury instruction question as part of his challenge to his conviction. (CR Doc. 74 at 4.) The Magistrate Judge entered Proposed Findings and Recommended Disposition ("PFRD"), concluding that Teague was not entitled to relief on his § 2255 claims, including his claim of ineffective assistance of counsel. (CV Doc. 14.) The Court adopted the PFRD, dismissed the motion with prejudice, and entered judgment against him Teague August 16, 2007. (CV Docs. 16; 17; CR Doc. 81.)

After he finished his federal sentence but while incarcerated on Texas state criminal charges in Texas, Teague then filed a Petition for Writ of Error Coram Nobis on July 25, 2016. (CR Doc. 82.) Teague sought to have his conviction in CR 03-1133 set aside because it was allegedly being used to improperly enhance his Texas state sentence. (*Id.*) Teague expressly raised the argument that counsel was ineffective for failing to properly object to the jury instruction on the elements of the crime. (*Id.* at 1–2.) The Magistrate Judge issued a PFRD on August 25, 2017, rejecting Teague's contentions regarding the jury instruction on the grounds that he was aware of the jury instruction issue when he filed his first § 2255 Motion, but did not raise it. The Magistrate Judge recommended that Teague's Petition for Writ of Error Coram Nobis be denied with

prejudice. (CR Doc. 130 at 3–5.) The Court adopted the Magistrate's Judge's PFRD and denied the petition with prejudice on October 27, 2017. (CR Doc. 134.)

Teague filed a second Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on December 26, 2017. (CR Doc. 138.) In his motion, Teague again attacked his now-completed sentence in CR 03-1133, contending that it is being used to improperly enhance his Texas state sentence. (*Id.* at 11.) Once again, Teague claimed that his counsel was ineffective in failing to object to the jury instruction. (*Id.* at 13–14.) The Court determined that Teague's motion constituted a second or successive § 2255 and was filed in violation of 28 U.S.C. §§ 2244 and 2255. (CR Doc. 141.)

On April 28, 2018, Teague then filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 in the United States District Court for the Southern District of Texas, again attacking use of the conviction and sentence in CR 03-1133 to enhance his Texas state court sentence. (CV 18-0635 Doc. 1.)[1] The Southern District determined that, because Teague is incarcerated in Beeville, TX, the case should be transferred to the district of incarceration. The Southern District of Texas transferred the case to the Eastern District of Texas. (CV 18-0635 Doc. 5.) The Eastern District of Texas entered an order concluding that because Teague seeks to be relieved of the federal court sentence imposed in CR 03-1133, his Petition should be construed as a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 and transferred to the court that imposed the sentence. (CV 18-0635 Doc. 14.) The Eastern District of Texas then transferred Teague's Petition to this Court as the sentencing Court. (*Id.*)

Teague did not object to the transfer of the case to this district, nor did he challenge the

---

[1] The Court takes judicial notice of the record in case no. CV 18-00635 RB/GBW. *See Duhart* v. *Carlson*, 469 F.2d 471, 473 (10th Cir. 1972) (court may take judicial notice of its own records).

Eastern District of Texas's characterization of his filing as § 2255 motion to vacate, set aside, or correct sentence. This Court determined that Teague would not be able to obtain any relief under § 2241 because he is not incarcerated in this district, declined to reconsider the characterization of the Petition as a § 2255 motion, and dismissed the Petition as a second or successive § 2255 filing filed without Tenth Circuit authorization. (CV 18-0635 Docs. 17; 18.)

Teague then filed his first Motion for Relief From a Judgment or Order "pursuant to Rule 60(b) of Fed. R. Civ. P." in this case on August 16, 2018. (CV Doc. 18 at 1; CR Doc. 144 at 1.) As in his prior filings, Teague claimed error in connection with the jury instruction and that his conviction in CR 03-1133 is being wrongfully used to enhance his Texas state criminal sentence. (CV Doc. 18 at 1–2; CR Doc. 144 at 1–2.) His motion did not specify any basis for setting aside the Court's prior order denying him § 2255 relief, but instead claimed that the underlying judgment of conviction in his criminal case was the result of denial of "his right to the effective assistance of counsel when his trial attorney failed to object to erroneous jury instructions or failed to request proper jury instructions regarding the mens rea element of the offense as well as a 'reasonable person' element." (CV Doc. 18 at 1; CR Doc. 144 at 1.) Teague "assert[ed] that his is not a successive § 2255 motion but is cognizable as a due process constitutional violation regarding his current sentence." (CV Doc. 18 at 1; CR Doc. 144 at 1.) He asked the Court to "grant relief by reversing the Court's previous order denying § 2255 relief and vacate his unconstitutional prior judgment of conviction on the criminal case." (CV Doc. 18 at 2; CR Doc. 144 at 2.) The Court construed the Rule 60(b) motion as a successive § 2255 collateral attack on his conviction and sentence, filed without Tenth Circuit authorization, and dismissed the motion for lack of jurisdiction. (CV Doc. 22, CR Doc. 147).

Without acknowledging the Court's prior dismissal of his first motion, Teague filed what

4

he acknowledged to be a second Rule 60(b) motion. (CV Docs. 24; 25.) He argued that his second motion was a "true" Rule 60(b) motion that challenged a defect in the prior § 2255 proceedings. He claimed that if the Court had appointed counsel to represent him in connection with his 2007 Motion to Vacate, Set Aside, or Correct Sentence, counsel would have raised his jury instruction arguments and that would have resulted in setting aside his "illegal" conviction under §2255. (CV Doc. 24 at 1 ("The ground restated here in brief is that his trial attorney was constitutionally ineffective for objecting to the government's proffered instruction at trial which included a "reasonable person" element and a mens rea finding of specific intent.").) On August 5, 2019, the Court dismissed Teague's second Rule 60(b) motion on the grounds that it constituted a second or successive § 2255 motion filed without Tenth Circuit authorization. (CV Doc. 27.)

Within a matter of days after receiving the Court's August 5, 2019 dismissal, Teague filed his Third Motion for Relief from Judgment or Order (CV Doc. 30), Fourth Rule 60(b) Motion (CV Doc. 31), Motion to Amend § 2255 Motion (CV Doc. 33), and Motion to Amend Rule 60(b) Motion (CV Doc. 34). In these four motions, he once again contends that the August 16, 2007 judgment on his first § 2255 motion be set aside and he be allowed to argue the jury instruction issue because his original trial counsel and appellate counsel were ineffective and the Court erred in not appointing him counsel in his § 2255 proceedings. (CV Docs. 30; 31; 33; 34.) The motions raise the same issues and make the same arguments that he has made in his seven prior collateral attacks and one direct attack on his conviction and sentence in case number CR 03-01133 RB.

### **TEAGUE'S THIRD AND FOURTH RULE 60(b) MOTIONS AND HIS MOTION TO AMEND HIS § 2255 MOTION ARE A SUCCESSIVE § 2255 MOTION TO VACATE HIS CONVICTION**

Once again, as a threshold matter, the Court must first determine whether Teague's third and fourth Rule 60(b) motions are "true" Rule 60(b) motions or, instead, are a second or successive

5

§ 2255 motion. *See Gonzalez v. Crosby*, 545 U.S. 524, 526 (2005); *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). Under *Gonzalez*, a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction or sentence. *See* 545 U.S. at 538. Conversely, it is a "true" 60(b) motion if it either (1) challenges only a procedural ruling of the court which precluded a merits determination of the § 2255 motion or (2) challenges a defect in the integrity of the § 2255 proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior petition. *Id.* at 532. A Rule 60(b) motion that asserts or reasserts a federal basis for relief from the underlying conviction or sentence should be treated as second or successive habeas petition. *Id.*

The Court determines that that Teague's filings should be collectively considered a second or successive § 2255 motion because they challenge the merits of his underlying criminal sentencing, not a defect in the original § 2255 proceeding. *See Spitznas*, 464 F.3d at 1215. Teague was aware of the jury instruction issue at the time he filed his first § 2255 proceeding but did not raise it as part of his ineffective assistance of counsel argument. (CR Doc. 30 at 3–5.) His contentions that the 2007 proceeding was defective because the Court should have appointed counsel to raise the issue for him are no more than an attempt to circumvent the Court's prior rulings dismissing his first and second 60(b) motions. His third and fourth 60(b) motions, together with his motion to amend his § 2255 motion, still seek to vacate his conviction and sentence based on error in the jury instruction at his criminal trial and are still, in essence, a successive § 2255 motion. (CV Docs. 30 at 1–2; 31 at 1–2; 33 at 1–2; 34 at 1.)

As the Court has previously advised Teague, Section 2255 provides that a second or successive motion must be certified in accordance with § 2244 by a panel of a court of appeals to

contain: (1) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law that was previously unavailable and was made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2255(h). Section 2244 requires that, before a second or successive application is filed in the district court, the applicant shall move the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A).

The Court is aware that Teague is attempting to raise and have his jury instruction argument adjudicated in a § 2255 case on the grounds that he has not been able to present it in previous proceedings. However, as a jurisdictional prerequisite, ***Teague may only proceed in this Court on his argument if he has obtained prior authorization to do so from the Tenth Circuit***. *See* 28 U.S.C. §§ 2244(a)–(b). Despite being informed of the need for authorization on multiple occasions, Teague has again filed his motions without seeking any authorization from a court of appeals as required by § 2244(b)(3)(A). This Court lacks jurisdiction to consider his motions absent the requisite authorization. When a second or successive § 2255 motion is filed in the district court without the required authorization from a court of appeals the district court may dismiss or may transfer the matter to the court of appeals if it determines it is in the interest of justice to do so under 28 U.S.C. § 1631. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

Applying *Cline*, the Court determines it is not in the interest of justice, declines to transfer, and will dismiss this matter for lack of jurisdiction. Teague is no longer in federal custody and, as a consequence, may no longer seek relief under § 2255. Instead, he generally may attack his federal conviction and sentence only by a petition for writ of error coram nobis. Teague has already filed a coram nobis petition and the issue has been resolved against him on the merits. *See United States*

*v. Denedo*, 556 U.S. 904, 911 (2009); *Klein v. United States*, 880 F.2d 250, 253 (10th Cir. 1989). Because Teague generally may no longer obtain relief under § 2255, it is unlikely that the Tenth Circuit would authorize him to proceed on a second or successive § 2255 motion.[2] It would not serve the interest of justice for this Court to transfer the § 2255 motion to the Tenth Circuit, and the Court will dismiss the motion for lack of jurisdiction. *See Cline*, 531 F.3d at 1252.

Also pending before the Court is Teague's Motion to Withdraw Third 60(b)(6) Motion. (CV Doc. 32.) In this motion, he asks this Court to allow him to withdraw CV Doc. 30. Paradoxically, he also asks for leave to amend the same filing. (CV Doc. 34.) The Court will deny the Motion to Withdraw as moot in light of the dismissal of this proceeding.

Last, under 28 U.S.C. § 2253(c)(1) "[u]nless a circuit justice or a judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . (B) the final order in a proceeding under section 2255." A certificate of appealability may issue under § 2253(c)(1) only if the movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Rule 11(a) of the Rules Governing Section 2255 Cases provides that the district court must issue or deny a certificate of appealability when it enters a final order adverse to the § 2255 movant. The Court determines *sua sponte* under Rule 11(a) of the Rules Governing Section 2255 Cases that Teague has failed to make a substantial showing that he has been denied a constitutional right and the Court will deny a certificate of appealability.

## ORDER TO SHOW CAUSE WHY FILING RESTRICTIONS SHOULD NOT BE IMPOSED

Teague may not continue to abuse the judicial process by filing improper post-conviction motions and proceedings. Despite being advised that his filings are improper and Tenth Circuit

---

[2] The fact that the Tenth Circuit likely will not authorize a successive § 2255 motion does not excuse Teague from seeking the requisite authorization before proceeding in this Court.

authorization is required, he continues to do so. "[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir.1989) (citations omitted) (per curiam). District courts have the inherent power to regulate filings of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances. *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007) (citing *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006); *Tripati*, 878 F.2d at 352).

The Court has the discretion to place reasonable restrictions on any litigant who submits non-meritorious filings or generally abuses the judicial process. *Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir. 1981). These restrictions may impose limitations or conditions on future filings. Restrictions on further filings are appropriate where (1) the litigant's lengthy and abusive history is set forth; (2) the court provides guidelines as to what the litigant may do to obtain permission to file an action; and (3) the litigant receives notice and an opportunity to oppose the court's order before it is implemented. *Tripati*, 878 F.2d at 353–54; *Andrews*, 483 F.3d at 1077; *United States v. DeWilliams*, 612 F. App'x 489 (10th Cir. 2015). Teague has the right to notice and to oppose in writing the imposition of future restrictions. *See Tripati*, 878 F.2d at 354.

Based on the history of the underlying criminal action and his subsequent post-conviction submissions, the Court finds that Teague has a documented history of filing improper motions and proceedings without the mandatory authorization or jurisdiction. This history demonstrates that the imposition of filing restrictions is warranted. Therefore, the court will order Teague to show cause within 30 days of entry of this Memorandum Opinion and Order why he should not be prohibited from submitting any new filings in the United States District Court for the District of New Mexico challenging his criminal conviction in No. CR 03-1133 RB without the representation

9

of a licensed attorney admitted to practice in the United States District Court for the District of New Mexico unless he obtains permission from the court to proceed *pro se.* In order to obtain permission to proceed *pro se,* Teague will be directed to take the following steps:

1. File with the clerk of this court a motion requesting leave to file a *pro se* proceeding challenging his conviction in No. CR 03-1133 RB.

2. Include in the motion requesting leave to file a *pro se* action challenging his conviction in No. CR 03-1133 RB the following information:

    A. A copy of the Tenth Circuit authorization to file a second or successive § 2255 motion as required by 28 U.S.C. §§ 2244(3)(A) and 2255(h).

    B. A statement of the legal issues to be raised in the proposed new pleading and whether he has raised the same issues in other proceedings in the District of New Mexico. If so, he must cite the case number and docket number where the legal issues previously have been raised.

3. Submit the proposed new pleading to be filed *pro se* challenging his criminal conviction in No. CR 03-1133 RB.

Any motion requesting leave to file a *pro se* action challenging the criminal conviction in CR 03-1133 RB and the proposed new pleading shall be submitted to the clerk of the court, who shall file and forward them for review to the sentencing judge or another judge assigned to the case. If the motion requesting leave to file a *pro se* action is denied, the matter will be dismissed. If the motion requesting leave to file a *pro se* action is granted, the case will proceed in accordance with the Federal Rules and the Local Rules of the United States District Court for the District of New Mexico. Any filing submitted by Teague that does not comply with these restrictions will be returned to Teague by the Clerk without filing or submission to the Court.

**THEREFORE,**

**IT IS ORDERED** that:

(1) Movant Anthony David Teague's Third Motion for Relief From Judgment or Order (CV Doc. 30), Fourth Rule 60(b) Motion (CV Doc. 31), Motion to Amend § 2255 Motion (CV

Doc. 33), and Motion to Amend Third Rule 60(b) Motion (CV Doc. 34), which the Court collectively construes as a second or successive § 2255 motion, is **DISMISSED** for lack of jurisdiction;

(2) Movant Teague's Motion to Withdraw Third 60(b)(6) Motion (CV Doc. 32) is **DENIED** as moot in light of the dismissal of this proceeding;

(3) a Certificate of Appealability is **DENIED**; and

(4) within thirty (30) days after entry of this Memorandum Opinion and Order Anthony David Teague **SHALL SHOW CAUSE** in writing why he should not be prohibited from making new filings challenging his criminal conviction in No. CR 03-1133 RB without the representation of a licensed attorney admitted to practice in the United States District Court for the District of New Mexico unless he obtains the permission of the court to proceed *pro se* by completing the steps specified above.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE