IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTHONY DAVID TEAGUE,

    Petitioner,

v.                                                                        No. CV 07-0326 RB-LCS
                                                                                     No. CR 03-1133 RB

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Petitioner's show-cause response regarding filing restrictions and his additional motions challenging the 2007 ruling denying habeas relief. (Docs. 36–41.) Having reviewed his arguments and applicable law, the Court will deny all motions and prohibit Petitioner from submitting any new *pro se* filings challenging his criminal conviction in Case No. CR 03-1133, as set forth below.

**I.    Background**

Anthony David Teague was sentenced by this Court to 21 months imprisonment on March 26, 2004, for Threat to Injure a Person Through Interstate Commerce in violation of 18 U.S.C. § 875(c). (Doc. 61.[1]) Teague filed a direct appeal of his conviction and sentence on April 2, 2004. (Doc. 63). He claimed, in part, an error in the jury instruction on the elements of the crime. The Tenth Circuit rejected Teague's argument and affirmed his conviction and sentence on May 15, 2006. (Doc. 72 at 21–25.) *See also United States v. Teague*, 443 F.3d 1310, 1318–19 (10th Cir. 2006).

---

[1] All references to CM/ECF documents refer to Case No. CR 03-1133 unless otherwise specified.

Teague filed his first motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 attacking the conviction and sentence in his criminal case on March 30, 2007. (Doc. 74.) This case was opened as a companion civil case, No. CV 07-0326 RB/LCS. (CV Doc. 1.) In his first § 2255 motion, Teague raised the issue of ineffective assistance of counsel, but he did not include the jury instruction question as part of his challenge to his conviction. (Doc. 74 at 4.) The Magistrate Judge entered Proposed Findings and Recommended Disposition ("PFRD"), concluding that Teague was not entitled to relief on his § 2255 claims, including his claim of ineffective assistance of counsel. (CV Doc. 14.) The Court adopted the PFRD, dismissed the motion with prejudice, and entered judgment against Teague on August 16, 2007. (Doc. 81; CV Docs. 16; 17.)

After he finished his federal sentence but while incarcerated on Texas state criminal charges in Texas, Teague filed a Petition for Writ of Error Coram Nobis on July 25, 2016. (Doc. 82.) Teague sought to have his conviction in CR 03-1133 set aside because it was allegedly being used to improperly enhance his Texas state sentence. (*Id.*) Teague expressly raised the argument that counsel was ineffective for failing to properly object to the jury instruction on the elements of the crime. (*Id.* at 1–2.) The Magistrate Judge issued a PFRD on August 25, 2017, rejecting Teague's contentions regarding the jury instruction on the grounds that he was aware of the jury instruction issue when he filed his first § 2255 Motion but did not raise it. The Magistrate Judge recommended that Teague's Petition for Writ of Error Coram Nobis be denied with prejudice. (Doc. 130 at 3–5.) The Court adopted the PFRD and denied the petition with prejudice. (Doc. 134.)

Teague filed a second Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on December 26, 2017. (Doc. 138.) In his motion, Teague again attacked his now-completed sentence in CR 03-1133, contending that it is being used to

2

improperly enhance his Texas state sentence. (*Id.* at 11.) He also again claimed that his counsel was ineffective in failing to object to the jury instruction. (*Id.* at 13–14.) The Court determined that Teague's motion constituted a second or successive § 2255 and was filed in violation of 28 U.S.C. §§ 2244 and 2255. (Doc. 141.)

On April 28, 2018, Teague filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 in the United States District Court for the Southern District of Texas, again attacking use of the conviction and sentence in CR 03-1133 to enhance his Texas state court sentence. (CV 18-0635 Doc. 1.) The Southern District determined that, because Teague is incarcerated in Beeville, TX, the case should be transferred to the district of incarceration. The Southern District of Texas transferred the case to the Eastern District of Texas. (CV 18-0635 Doc. 5.) The Eastern District of Texas concluded that because Teague seeks to be relieved of the federal court sentence imposed in CR 03-1133, his Petition should be construed as a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 and transferred to this Court as the sentencing court. (CV 18-0635 Doc. 14.)

Teague did not object to the transfer of the case to this district, nor did he challenge the Eastern District of Texas's characterization of his filing as a § 2255 motion to vacate, set aside, or correct sentence. This Court determined that Teague would not be able to obtain any relief under § 2241 because he is not incarcerated in this district, declined to reconsider the characterization of the Petition as a § 2255 motion, and dismissed the Petition as a second or successive § 2255 filing filed without Tenth Circuit authorization. (CV 18-0635 Docs. 17; 18.)

Teague then filed his first Motion for Relief From a Judgment or Order pursuant to Federal Rule of Civil Procedure 60(b) on August 16, 2018. (Doc. 144 at 1; CV Doc. 18 at 1.) As in his prior

3

filings, Teague claimed error in connection with the jury instruction and that his conviction in CR 03-1133 is being wrongfully used to enhance his Texas state criminal sentence. (Doc. 144 at 1–2.) His motion did not specify any basis for setting aside the Court's prior order denying him § 2255 relief, but instead claimed that the underlying judgment of conviction in his criminal case was the result of denial of "his right to the effective assistance of counsel when his trial attorney failed to object to erroneous jury instructions or failed to request proper jury instructions regarding the mens rea element of the offense as well as a 'reasonable person' element." (*Id.* at 1.) Teague "assert[ed] that his is not a successive § 2255 motion but is cognizable as a due process constitutional violation regarding his current sentence." (*Id.*) He asked the Court to "grant relief by reversing the Court's previous order denying § 2255 relief and vacate his unconstitutional prior judgment of conviction on the criminal case." (*Id.* at 2.) The Court construed the Rule 60(b) motion as a successive § 2255 collateral attack on his conviction and sentence filed without Tenth Circuit authorization and dismissed the motion for lack of jurisdiction. (Doc. 147; CV Doc. 22.)

Without acknowledging the Court's prior dismissal of his first motion, Teague filed what he acknowledged to be a second Rule 60(b) motion. (CV Docs. 24; 25.) He argued that his second motion was a "true" Rule 60(b) motion that challenged a defect in the prior § 2255 proceedings. He claimed that if the Court had appointed counsel to represent him in connection with his 2007 Motion to Vacate, Set Aside, or Correct Sentence, counsel would have raised his jury instruction arguments and that would have resulted in setting aside his "illegal" conviction under §2255. (CV Doc. 24 at 1 ("The ground restated here in brief is that his trial attorney was constitutionally ineffective for objecting to the government's proffered instruction at trial which included a "reasonable person" element and a mens rea finding of specific intent.").) On August 5, 2019, the

4

Court dismissed Teague's second Rule 60(b) motion on the grounds that it constituted a second or successive § 2255 motion filed without Tenth Circuit authorization. (CV Doc. 27.)

Within a matter of days after receiving the Court's August 5, 2019 dismissal, Teague filed his Third Motion for Relief from Judgment or Order (CV Doc. 30), Fourth Rule 60(b) Motion (CV Doc. 31), Motion to Amend § 2255 Motion (CV Doc. 33), and Motion to Amend Rule 60(b) Motion (CV Doc. 34). In those four motions, he once again contends that the August 16, 2007 judgment on his first § 2255 motion be set aside and he be allowed to argue the jury instruction issue because his original trial counsel and appellate counsel were ineffective and the Court erred in not appointing him counsel in his § 2255 proceedings. (CV Docs. 30; 31; 33; 34.)

By a Memorandum Opinion and Order entered February 4, 2020, the Court again dismissed the filings as successive habeas claims. (CV Doc. 35.) The Court also directed Teague to show cause why he should not be prohibited from submitting any new filings in the United States District Court for the District of New Mexico challenging his criminal conviction in No. CR 03-1133 without prior permission or the representation of a licensed attorney.

In response, Teague initially conceded that filing restrictions were appropriate. He stated:

> Movant … expressly does not object to filing restrictions being imposed that were explained in the Court's most recent Order filed on 2/04/20 (Doc. 35) as he does not intend to file any further actions challenging his conviction in No. CR 03-1133 RB.

(CV Doc. 36 at 1.) However, that statement attaches a separate filing titled "Fifth Rule 60(b) Motion," which again seeks to vacate the 2007 habeas ruling because the Court failed to appoint habeas counsel. (*Id.* at 2–3.) Teague then filed three more motions addressing the 2007 habeas ruling. In the first motion filed August 24, 2020, he argues the refusal to appoint counsel was a due process violation. (CV Doc. 38.) In the second motion filed September 10, 2020, he asks the Court

5

to appoint counsel to pursue his Rule 60(b)(6) motion. (CV Doc. 40.) The third motion, filed September 25, 2020, states he was unable to prove his ineffective assistance of counsel claims in 2007 because the Court declined to appoint habeas counsel. (CV Doc. 41.)

**II.   Analysis**

    **A.   Mr. Teague cannot obtain relief from the 2007 judgment.**

As the Court has previously explained, Rule 60(b) relief is available in habeas proceedings, but it "cannot be used to circumvent restraints on successive habeas petitions." *Lopez v. Douglas*, 141 F.3d 974, 975 (10th Cir. 1998). When a Rule 60(b) motion follows a habeas ruling, courts scrutinize whether the requested relief is tantamount to a second or successive petition. *See United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006) ("It is the relief sought, not his pleading's title, that determines whether the pleading is a" successive habeas petition). A motion is successive "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). "Conversely, it is a 'true' 60(b) motion if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application, . . . or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Id.* at 1215–16.

Teague characterizes his motions as Rule 60(b) motions, rather than successive habeas claims, because he challenges the failure to appoint counsel in the 2007 habeas proceeding. Assuming he is correct, no relief is available. To obtain relief from a 13-year old judgment, a movant must generally show the judgment is void or no longer valid. *See* Rules 60(b)(4)–(5), 60(c)(1). Rule 60(b)(6) also contains a catchall clause for "any other reason that justifies relief."

However, Rule 60(b)(6) relief is "extraordinary," "difficult to attain," and only "appropriate . . . when it offends justice to deny such relief." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289, 1293 (10th Cir. 2005). The failure to appoint habeas counsel is not extraordinary or unjust. Where, as here, the habeas claims are decided on the record, "a petitioner has no constitutional right to counsel in habeas proceedings." *Rodriguez-Rodriguez v. Standifird*, 437 F. App'x 622, 623 (10th Cir. 2011) (citing *Lewis v. Casey*, 518 U.S. 343, 350–51 (1996)). Thus the Court cannot grant relief from the 2007 habeas ruling, regardless of whether Teague raises successive habeas claims or true Rule 60(b) arguments. The Court will deny all pending motions. (CV Docs. 38; 40; 41.)

### B. The Court will impose filing restrictions.

In the Order to Show Cause, the Court directed Teague to address whether the Court should impose restrictions on future filings challenging his now-completed sentence in No. CR 03-1133. (CV Doc. 35.) District courts have the inherent power to regulate filings of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances. *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007) (citing *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006)). Filing restrictions may be imposed where: (1) the litigant has a lengthy and abusive history; (2) the court provides guidelines as to what the litigant may do to obtain permission to file an action; and (3) the litigant receives notice and an opportunity to oppose the court's order before it is implemented. *See Tripati v. Beaman*, 878 F.2d 351, 353–54 (10th Cir. 1989).

Teague has filed five formal motions seeking relief from the 2007 habeas ruling, along with at least ten supplemental filings alleging the ruling was wrong. (CV Docs. 18–20; 24–26; 28–34; 36–41). In response to the Order to Show Cause, Teague concedes he should be restricted from challenging the criminal conviction in No. CR 03-1133, while simultaneously arguing the 2007

7

habeas ruling should be set aside under Rule 60(b). (CV Docs. 36; 38; 40–41.) It appears Teague hopes to set aside the habeas judgment and then demonstrate the criminal conviction is invalid through a new habeas proceeding. This strategy demonstrates precisely why filing restrictions are necessary. Teague appears unwilling to stop challenging the habeas judgment, so he can then expunge his now-completed sentence in No. CR 03-1133. As the Court has already explained, he cannot prevail under Rule 60(b), through a successive habeas proceeding or via a writ of corum nobis. The Court therefore finds filing restrictions are appropriate.

Teague is prohibited from submitting any new *pro se* filings in this case challenging his conviction or now-completed sentence in No. CR 03-1133 unless: (1) he is represented by a licensed attorney admitted to practice in the United States District Court for the District of New Mexico; or (2) he obtains permission from the court to proceed *pro se*. To obtain permission to proceed *pro se*, Teague must:

> 1. File a motion requesting leave to file a pro se proceeding challenging his conviction or now-completed sentence in No. CR 03-1133.
>
> 2. The motion should:
>
>> A. Include a statement of the legal issues to be raised in the proposed new pleading and whether he has raised the same issues in other proceedings in the District of New Mexico. If so, he must cite the case number and docket number where the legal issues previously have been raised.
>>
>> B. Indicate whether the Tenth Circuit Court of Appeals has authorized the filing of a second or successive habeas claim. Teague must include this statement regardless of whether he believes his argument constitutes a true Rule 60(b) argument, rather

> than a successive habeas claim.
>
> 3. Submit the proposed opening pleading to be filed *pro se* challenging his criminal conviction in No. CR 03-1133.

Any motion requesting leave to file a pro se action challenging the criminal conviction in CR 03-1133 and the proposed opening pleading shall be submitted to the Clerk of Court, who shall file it of record and forward it for review to the sentencing judge or another judge assigned to the case. If the motion requesting leave to file a pro se action is denied, or if Teague fails to properly request permission to lodge a filing challenging his criminal judgment in No. CR 03-1133, the matter will be dismissed. If the motion requesting leave to file a pro se action is granted, the case will proceed in accordance with the Federal Rules and the Local Rules of the United States District Court for the District of New Mexico. The filing restrictions will not impact Teague's rights in connection with this ruling.

**IT IS THEREFORE ORDERED** that Anthony David Teague's Fifth Rule 60(b) Motion, Motion to Proceed *Pro Se,* Motion to Appoint Counsel, and Motion for Reconsideration (CV Docs. 36; 38; 40; 41) are **DENIED**.

**IT IS FURTHER ORDERED** that the following filing restrictions are imposed on Defendant Anthony David Teague:

(A) Teague is prohibited from submitting any new *pro se* filings in this case challenging his conviction or now-completed sentence in No. CR 03-1133 unless: (1) he is represented by a licensed attorney admitted to practice in the United States District Court for the District of New Mexico; or (2) he obtains permission from the court to proceed *pro se*.

(B) To obtain permission to proceed *pro se*, Teague must:

1. File with the clerk of this court a motion requesting leave to file a pro se proceeding challenging his conviction or now-completed sentence in No. CR 03-1133.

2. The motion should:

    A. Include a statement of the legal issues to be raised in the proposed new pleading and whether he has raised the same issues in other proceedings in the District of New Mexico. If so, he must cite the case number and docket number where the legal issues previously have been raised.

    B. Indicate whether the Tenth Circuit Court of Appeals has authorized the filing of a second or successive habeas claim. Teague must include this statement regardless of whether he believes his argument constitutes a true Rule 60(b) argument, rather than a successive habeas claim.

3. Submit the proposed opening pleading to be filed *pro se* challenging his criminal conviction in No. CR 03-1133.

 

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE