THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANTHONY DAVID TEAGUE,
    Petitioner,

v.                                                No. 21-cv-0901 RB-DLM
                                                     No. 07-cv-0326 RB-LCS
                                                     No. 03-cr-1133 RB

UNITED STATES OF AMERICA,
    Respondent.

## MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Anthony David Teague's motions to proceed *pro se* and obtain relief under Federal Rule of Civil Procedure 60(b). (*See* Docs. 1, 3–5, 8, 10 in 21-cv-901 RB-DLM; Docs. 62–67, 69 in 07-cv-00326-RB-LCS.) Teague asks the Court to reopen his 2007 28 U.S.C. § 2255 habeas proceeding on the ground that the habeas judgment is void. Having reviewed the criminal record and applicable law, the Court will deny post-judgment relief.

**I.    BACKGROUND**

    The procedural history in this case is complex, as Teague has been litigating since 2003. The relevant periods of procedural history can be broken down into three parts: the original trial and conviction; the first 28 U.S.C. § 2255 proceeding in 2007, which is at issue here; and Teague's ongoing attempts to vacate either the conviction or the § 2255 judgment between 2016 and 2023. The Court will address each below.

    **A.    The Criminal Conviction**

    In 2003, Teague was arrested and indicted for threatening his former divorce lawyer in violation of 18 U.S.C. § 875(c). The Court ordered a psychological evaluation and found he was competent to proceed to trial. (CR Docs. 7, 8, 12, 13.) The criminal docket reflects at least five attorneys (John Lebya, Stephen Stevers, James Maus, Marcia Milner, and Stephen Ryan) were

appointed to represent Teague before he was convicted. (CR Docs. 6, 16, 23, 27, and 121.) In most instances involving a change of counsel, Teague requested a new attorney and/or to represent himself. Stephen Ryan was the last pre-conviction attorney. He started representing Teague on or about July 10, 2003, and continued through trial in December 2003 and sentencing in March 2004. (CR Docs. 27, 52, 62.) The jury convicted Teague of a single count of interstate threats (18 U.S.C. § 875). The Court sentenced him to 21 months imprisonment followed by a three-year term of supervised release. (CR Doc. 61.)

Teague filed a direct appeal through new counsel (Vicki Mandell-King) and objected to a special condition of supervised release. (CR Docs. 67, 72.) The condition required that he have no contact with the victims, the United States Attorney's Office, or the Court except through counsel. (*See* CR Docs. 67, 72.) The Tenth Circuit affirmed the judgment, including that condition, on May 15, 2006. (CR Doc. 72.)

### B.  The 2007 Habeas Proceeding

Teague filed his first 28 U.S.C. § 2255 habeas motion on March 30, 2007. (CR Doc. 74.) In his 2007 Habeas Motion, Teague raised a single claim of ineffective assistance of counsel. The 2007 Habeas Motion alleges: "[Teague] was incompetent to stand trial and counsel failed to investigate my competency. [Teague] also was misinformed by counsel regarding the law pertaining to a defense of temporary insanity, which would have been the best defense to the charge." (*Id.* at 4.) The Court referred the matter to United States Magistrate Judge Leslie Smith for proposed findings and a recommended disposition. (Docs. 3, 4 in 07-cv-0326-RB-LCS.) The Government responded to the 2007 Habeas Motion on June 1, 2007. (Doc. 9 in 07-cv-0326-RB-LCS.) The 2007 Response addresses the merits of Teague's claim; attaches an affidavit by attorney

2

Stephen Ryan regarding his representation in Teague's criminal proceeding; and notes that Teague was released from custody. (*Id.*) The certificate of service reflects that the Government served notice of the Response to Teague at his new, non-custodial address, 712 Forest Bend Dr., Plano, TX 75023. (*Id.* at 12.) Judge Smith denied Teague's motion to appoint counsel, as there is no constitutional right to counsel in habeas proceedings. (Doc. 10.) Judge Smith also entered an Order to Show Cause and directed Teague to confirm his new address in writing. (Doc. 11 in 07-cv-0326-RB-LCS.) On July 16, 2007, Teague confirmed his address as 712 Forest Bend Dr., Plano, TX 75023 (*i.e,* where the Government served the 2007 Response) and stated: "This is the address to which all court correspondence is currently being sent. There has been no severed contact with the Court." (Doc. 12 in 07-cv-0326-RB-LCS.) Judge Smith quashed the Order to Show Cause pertaining to Teague's address the following day. (Doc. 13 in 07-cv-0326-RB-LCS.)

Teague did not file a reply to the 2007 Response. (*See* Docket Sheet in 07-cv-0326-RB-LCS.) Judge Smith issued his Proposed Findings and Recommended Disposition on July 24, 2007, more than seven weeks after submission of the 2007 Response. (Doc. 14 in 07-cv-0326-RB-LCS.) The 2007 PFRD rejected Teague's competency claim based on the merits and, alternatively, based on procedural default. Teague's competency exam results reflected that he "attained a perfect score on the Court Competency Test," and he acknowledged at a later pretrial hearing that the "competency issue [had] already been addressed before." (*See id.* at 8–9 (quoting CR Doc. 12 at 4; Tr. of June 18, 2003 Hr'g at 14:4–5).) As to the remaining ineffective assistance of counsel claims, the 2007 PFRD found that Teague failed to satisfy his burden under the *Strickland v. Washington*, 466 U.S. 668 (1984) test. (*Id.* at 12–14.) The failure to investigate competency was rejected for the reasons above. (*Id.*)

3

As to the alleged failure to research/pursue an insanity defense, the 2007 PFRD observed Teague presented no argument or evidence that he was "unable to appreciate the . . . wrongfulness of his acts" due to a "severe mental disease or defect." (*Id.* at 13 (quoting 18 U.S.C. § 17).) The 2007 PFRD also cited the affidavit by attorney Stephen Ryan to show Teague was involved in the presentation of his own defense and that Ryan was not confident he could meet the requirements of an insanity defense. (*Id.*) The 2007 PFRD recommended that Teague's 2007 Habeas Motion be denied and invited either party to file objections pursuant to 28 U.S.C. § 636(b)(1)(C). (*Id.* at 14.) The 2007 PFRD also provided notice that "[a] party must file any objections within the ten-day period if that party wants to have appellate review of the proposed findings and recommendations." (*Id.* at 14–15.)

The docket reflects that the 2007 PFRD was mailed to Teague at the address he confirmed earlier that month, 712 Forest Bend Drive, Plano, TX 75025. The 2007 PFRD was not returned as undeliverable. Teague did not object to the conclusions in the 2007 PFRD or the citation to attorney Ryan's affidavit, which was attached to the Government's 2007 Response. Instead, he submitted a letter again confirming his address; stating he is awaiting his court date and ruling on the motion to appoint counsel; and alleging letters containing unspecified content did not "make their way into [the] official court record." (*See* Doc. 15 in 07-cv-0326-RB-LCS.) Teague's letter threatened that if the Court dismissed his 2007 Habeas Motion based on "such obviously manufactured and unjust grounds, a notice of appeal [would] be filed in a timely fashion." (*Id.*)

By an Order and Judgment entered August 16, 2007, the Court construed Teague's letter as an objection to the 2007 PFRD, overruled it, and dismissed the 2007 Habeas Motion. (Docs. 16, 17 in 07-cv-0326-RB-LCS).) This 2007 Habeas Judgment was mailed to Teague at his listed

4

address, and he did not file an appeal.

### C. Teague's Efforts to Relitigate the Habeas Judgment and/or Federal Conviction

In 2016, Teague filed the first of many petitions challenging his 2004 criminal judgment or – when he learned of the restrictions of successive habeas claims – the 2007 Habeas Judgment. The timeline of post-judgment filings and their disposition is as follows:

(1) Teague filed a Petition for Writ of Corum Nobis on July 25, 2016. (CR Doc. 82.) He argued trial counsel was ineffective because he "failed to object to jury instructions which lowered the Government's burden of proof regarding the required culpable mental state." (*Id.* at 1–2.) The Court obtained a response from the Government, and United States Magistrate Judge William Lynch recommended that relief be denied. (CR Doc. 130.) Teague again failed to object to the merits of Judge Lynch's proposed ruling and instead tried to "recharacterize [the] action as a Rule 60(b) motion." (CR Doc. 132.) The Court denied corum nobis relief on October 27, 2017. (CR Doc. 134.) Teague moved to "withdraw and dismiss" the corum nobis action after entry of the final judgment, and that motion was denied as moot. (CR Docs. 136, 137.)

(2) Teague filed a second Motion to Vacate Conviction Under 28 U.S.C. § 2255 on December 26, 2017. (CR Doc. 138.) Teague alleged counsel failed to object to jury instructions. The Court dismissed the second § 2255 motion for lack of jurisdiction on February 6, 2018, as Teague did not obtain Tenth Circuit permission to file a successive claim. (CR Doc. 141.)

(3) Teague filed his next Motion for Relief on August 17, 2018, following by two supplements in 2018 and 2019. (CR Docs. 144–146.) The documents purported to seek relief under Rule 60(b) but alleged that his criminal conviction is unconstitutional and that trial counsel failed to object to jury instructions. The Court again construed Teague's arguments as successive habeas

claims and dismissed the matter for lack of jurisdiction on March 18, 2019. (CR Doc. 147.)

(4) On March 27, 2019, Teague filed a Motion to Reconsider the ruling entered March 18, 2019. (Doc. 24 in 07-cv-0326-RB-LCS.) This time Teague ostensibly challenged the failure to appoint habeas counsel in the 2007 habeas proceeding, but he also again alleged his trial attorney was ineffective for failing to object to jury instructions. Teague supplemented the motion on May 31, 2019. (Doc. 26 in 07-cv-0326-RB-LCS.) The Court dismissed the motions by a ruling entered August 5, 2019. (CR Doc. 149; Doc. 27 in 07-cv-0326-RB-LCS.)

(5) Teague filed at least seven motions and responses after entry of the August 5, 2019 ruling. (Doc. 28–34 in 07-cv-0326-RB-LCS.) Teague again argued trial counsel provided ineffective assistance and added a new allegation that he could not understand the nature of the 2007 Habeas Proceeding because of a mental disability. The Court dismissed the motions by an Order entered February 4, 2020. (CR Doc. 151; Doc. 35 in 07-cv-0326-RB-LCS.) The Court also directed Teague to show cause why the Court should not impose filing restrictions. In particular, the Court proposed restricting Teague from "submitting any new filings in the United States District Court for the District of New Mexico challenging his criminal conviction in No. CR 03-1133 RB," unless he obtains an attorney or permission to proceed *pro se*. The Court will refer to these restrictions as the "2255 Restrictions."

(6) Teague filed at least six additional motions and notices between February 14, 2020, and September 25, 2020. (Docs. 36–41 in 07-cv-0326-RB-LCS.) The Court again denied relief on October 16, 2020, and imposed filing restrictions as set forth above. (CR Doc. 157; Doc. 42 in 07-cv-0326-RB-LCS.) Teague appealed, and the appeal was dismissed on December 22, 2020. (Doc. 56 in 07-cv-0326-RB-LCS.) The 2255 Restrictions are now final.

(7) Teague filed his next set of motions on December 31, 2020, and April 29, 2020, respectively. (Docs. 1, 2 in 21-cv-0400 RB-SMV.) The Court dismissed the motions on May 11, 2021. (Doc. 4 in 21-cv-0400 RB-SMV.)

(8) At some point in 2021, Teague filed a motion in the Tenth Circuit seeking permission to file a successive habeas claim, arguing his challenge to the conviction is in fact a true Rule 60(b) claim pertaining to the 2007 Habeas Judgment. The Tenth Circuit "reject[ed] . . . Teague's attempt to circumvent . . . procedures" related to filing in the District Court and denied the motion. (CR Doc. 170.)

(8) Teague filed another Rule 60 motion on June 24, 2021. (Doc. 1 in 21-cv-0582 RB-JFR.) The Court initially dismissed the Rule 60 Motion pursuant to the filing restrictions on successive habeas claims. (Doc. 2 in 21-cv-0582 RB-JFR.) The Tenth Circuit reversed and remanded, concluding that Teague's "proposed motion asserts a defect in the integrity of the 2007 habeas proceedings—namely, that Teague was not afforded the opportunity to respond to his former trial counsel's affidavit, which had been submitted by the government." (Doc. 12-1 in 21-cv-0582 RB-JFR.) The Tenth Circuit directed this Court to consider the merits of Teague's Rule 60(b) arguments. By a Memorandum Opinion and Order entered January 23, 2023, the Court declined to set aside the 2007 Habeas Judgment pursuant to Rule 60(b). (CR Doc. 173.)

(9) Between 2021 and 2023, Teague filed at least nine additional motions and letters seeking relief from the 2007 Habeas Judgment. (CR Doc. 171; Docs. 62–67, 69 in 07-cv-0326-RB-LCS; Docs. 1, 3–5, 8, 10 in 21-cv-901 RB-DLM.) He again asks the Court to set aside the 2007 Habeas Judgment under Rule 60(b)(4). The Court will consider the scope of this ruling and Teague's substantive arguments below.

## II. DISCUSSION

### A. Scope of This Ruling & Construction of the Motions

Teague has filed numerous submissions in this and other cases. The only motions/letters at issue in this ruling are the pending motions filed in the 2007 Habeas Proceeding (Docs. 62–67, 69 in 07-cv-0326-RB-LCS) and an associated civil habeas case (Docs. 1, 3–5, 8, 10 in 21-cv-901 RB-DLM.)[1] Together, such motions will be referred to as the Instant Rule 60(b) Motions. At various times, the Instant Rule 60(b) Motions seek to amend Teague's arguments, withdraw arguments, or cancel the withdrawal of those arguments. Rather than attempting to discern which pleading was intended as the final product, the Court will simply consider all arguments raised in the Instant Rule 60(b) Motions. Such consideration ensures that all arguments are addressed but does not change the result.

Teague also requests that his pending motions in 21-cv-901 RB-DLM incorporate by reference Docs. 62–67 and 69 in 07-cv-0326-RB-LCS. All such motions are included in the collection of filings known as the Instant Rule 60(b) Motions. The Court will therefore grant the request. To the extent Teague seeks to "incorporate by reference all prior pleadings," *i.e.*, pleadings aside from the Instant Rule 60(b) Motions (as defined above), such request is denied. (Doc. 64 in 07-cv-0326-RB-LCS.)

The Court finally notes that in several of the Instant Rule 60(b) Motions, Teague raises substantive grounds for habeas relief and substantive argument regarding the ineffective assistance by counsel. (*See* Docs. 64, 69 in 07-cv-0326-RB-LCS.) Teague purports to offer most of these

---

[1] CR Doc. 171 is a duplicate copy of Doc. 1 in 21-cv-901 RB-DLM. Consistent with habeas case filing procedures, the submission was cross-docketed in Teague's criminal case.

arguments as examples of what he would have said, had he filed a reply or amended petition the 2007 Habeas Proceeding, rather than as successive 28 U.S.C. § 2255 claims. However, Teague explicitly asks the Court to consider at least one filing "as a 'mixed' motion of true 60(b) grounds and successive § 2255 [claims], should the Court be allowed to do so." (Doc. 64 at 3 in 07-cv-0326-RB-LCS.)

To the extent the Instant Rule 60(b) Motions raise successive habeas claims, the Court lacks jurisdiction to grant relief. District Courts only have jurisdiction over a defendant's first § 2255 motion and cannot consider successive § 2255 claims without authorization from the Tenth Circuit. *See* 28 U.S.C. § 2255(h); *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). Courts may transfer a successive § 2255 claim to the Circuit, if appropriate, but such transfer does not serve the interest of justice here. *See Cline*, 531 F.3d at 1251. The Tenth Circuit has repeatedly denied permission to file a successive claim; Teague does not rely on new evidence or new Supreme Court law; and Teague is under filing restrictions with respect to § 2255 motions. The Court will therefore dismiss without prejudice any successive § 2255 claims that appear in the Instant Rule 60(b) Motions. All remaining Rule 60(b) arguments in those motions will be considered below.

**B.    Rule 60(b) Relief**

Teague filed the Instant Rule 60(b) Motions over 14 years after entry of the challenged judgment, *i.e.*, the 2007 Habeas Judgment. To obtain relief more than one year after entry of a final judgment, the movant typically must show the judgment is void or has been "satisfied, released or discharged." Rule 60(b)(4)–(5). Rule 60(b)(6) also contains a catchall clause for "any other reason that justifies relief." Relief under Rules 60(b)(4)-(6) is not subject to a specific time limit, but a motion thereunder must be made "within a reasonable time." The Instant Rule 60(b) Motions

invoke Rule 60(b)(4) - which governs judgments that are void based on due process - as that rule is "effectively subject to no time limit." *Myzer v. Bush*, No. 18-3067, 2018 WL 4368189, at *2 (10th Cir. Sept. 13, 2018) (citing *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224 n.9 (10th Cir. 1979)). "[P]ut another way, any time period preceding the filing of a Rule 60(b)(4) motion is reasonable as a matter of law because such a motion claims that the underlying judgment is void *ab initio*." *Id*. (citation omitted).

Under Rule 60(b)(4), "[a] judgment is void only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law." *United States v. Buck*, 281 F.3d 1336, 1344 (10th Cir. 2002) (quotations omitted). Rule 60(b)(4) relief is rare. In the context of due process, the "violation of due process [must be one] that deprives a party of notice or the opportunity to be heard." *See Orner v. Shalala*, 30 F.3d 1307, 1310 (10th Cir. 1994) (In the context of Rule 60(b)(4), courts look to whether the "fundamental procedural prerequisites—particularly, adequate notice and opportunity to be heard—were fully satisfied."). Where a party received such process, a judgment is not void even where "it is or may be erroneous." *V. T. A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224 (10th Cir. 1979); *see also Buck*, 281 F.3d at 1344 (rejecting 60(b)(4) arguments that "concern the correctness of the district court's decision").

Teague argues he did not receive adequate notice of, or an opportunity to object to, the 2007 Habeas Judgment. As noted above, the Court entered that judgment after Judge Smith issued a PFRD recommending the denial of habeas relief; Teague was advised of the objection period; and Teague failed filed to a substantive objection. Notwithstanding these circumstances, Teague argues that after reviewing the habeas briefing (*i.e.*, the 2007 Motion and the Government's 2007

10

Response, which attached an affidavit from Teague's trial counsel), the Court was required to *sua sponte* issue an "advisory order . . . to amend or traverse (*i.e.*, reply to) his claim or face denial of his motion." (Doc. 64 in 07-cv-0326-RB-LCS.) Said differently, Teague asserts the Court was required to issue an advisory order telegraphing its intent to rule against him *before* entering the PFRD, to which objections could be filed. (Doc. 67, 69 in 07-cv-0326-RB-LCS) (noting the advisory order should have warned that Teague could face an "adverse PFRD"). Teague believes he was entitled to such order because he is "untrained in the law." (*Id.*) He allegedly did not realize he could file a reply or, if the Court was inclined to reject the ineffective assistance claims in his 2007 Motion, seek leave to amend so that he could raise different, potentially viable instances of ineffective assistance.

    1.        **Advisory Order Inviting an Amendment in a Habeas Action**

With respect to the amendment, Teague's argument is frivolous. There is no authority requiring courts to *sua sponte* invite a habeas petitioner to raise additional claims or change their arguments before entering an adverse ruling (or here, an adverse recommended disposition). If the failure to issue such an advisory order rendered a habeas judgment void, nearly all criminal defendants could reopen their cases. Teague may be conflating the screening procedures in 42 U.S.C. § 1983 cases with post-answer habeas procedures. In § 1983 cases, courts often *sua sponte* screen the prisoner complaint before the defendants are served and *sua sponte* grant leave to amend if the initial complaint fails to state a cognizable claim. *See Hall v. Bellman*, 935 F.2d 1106 (10th Cir. 1991). Courts may issue an order to show cause or similar order before *sua sponte* dismissing a habeas motion on screening; however, where (as here) the § 2255 motion survives initial review, the claims are generally resolved on the briefing. *See, e.g.*, *United States v. Cervini*, 379 F.3d 987,

11


994 (10th Cir. 2004) (describing the procedural posture of a habeas petition).

The Court also rejects Teague's argument that various unspecified filings submitted in 2007 should have been construed as a pre-judgment motion to amend his 2007 Habeas Motion. None of Teague's *pre-judgment* pleadings in 07-cv-326 RB-LCS can be construed in such a manner. And, even if they could, such defect would "concern the correctness of the district court's decision" and would not impact the analysis of whether the 2007 Habeas Judgment was entered without due process. *See Buck*, 281 F.3d at 1344 (addressing Rule 60(b)(4)). To the extent Teague claims the grounds for his would-be amendment were only discoverable based on the Government's 2007 Response and attachments thereto, this argument also fails. Newly discovered facts are not part of the analysis under Rule 60(b)(4). And, in any event, Teague could have discovered the grounds for his would-be amendment on June 1, 2007, when the Government filed its 2007 Response. (Doc. 9 in 07-cv-326 RB-LCS.) The fact that Teague did not seek leave to amend during the next seven weeks, *i.e.*, before Judge Smith issued his PFRD on July 24, 2007, or after issuance of the PFRD but before entry of the final judgment in 2007, demonstrates ignorance of the law rather than a due process violation.

### 2. Advisory Order Inviting a Reply

Teague also alleges the 2007 Habeas Judgment was entered without adequate notice or an opportunity to object because the Court did not *sua sponte* invite a reply. As noted above, the Government's 2007 Response attaches an affidavit from Teague's former counsel (Stephen Ryan). The 2007 PFRD cites the affidavit to supplement its conclusion that Teague could not have prevailed on defenses related to competency or insanity in the underlying criminal case. Teague did not to file a substantive reply to the 2007 Response, did not submit a competing affidavit, and

did not specifically object to the use/contents of the affidavit after receiving the 2007 PFRD citing attorney Ryan's statements.

Teague has not offered, nor has the Court discovered, authority that conflates the opportunity to be heard with the right to receive an express invitation to submit further filings. The local rules in this Court have always permitted litigants to file a reply brief in connection with a written response. *See, e.g.*, D.N.M. Local Rule 7.4 (replies must be served and filed within 14 days of the response); *Cf* D.N.M. Local Rule 7.5 (noting Rule 7's limits on replies apply to "proceedings under 28 U.S.C. §§ 2241, 2254, and 2255"). A comparison of the 2007 version of Habeas Rule 5 and the current habeas rules also confirms that an express invitation to reply was not required in the 2007 Habeas Proceeding, even in the absence of D.N.M. Local Rule 7.4. The 2007 version of Habeas Rule 5 identifies what the answer must include and states the "moving party *may* submit a reply to the respondent's answer or other pleading within a time fixed by the judge." The current version of Habeas Rule 5 reiterates that the petitioner may file a reply but adds the "judge must set the time to file [the reply] unless [as in the District of New Mexico] the time is already set by local rule." Habeas Rule 5(d) (incorporating 2019 amendments). The addition of the last sentence in 2019 demonstrates that judges were not previously required to issue a separate order inviting a reply. Thus, Judge Smith did not violate Teague's right to be heard by issuing a PFRD on the motion and response, after seven weeks passed, without entering an "advisory order" regarding the right to file a reply brief.

Alternatively, even if the failure to issue an "advisory order" inviting a reply/competing affidavit could rise to the level of a due process violation – which it cannot – such failure would be harmless in this case. The 2007 PFRD did not hinge on the affidavit filed by Teague's former trial

13

counsel. Teague's 2007 Motion alleges he was incompetent; trial counsel failed to investigate competency; and trial counsel failed to pursue a temporary insanity defense. As discussed above, the 2007 PFRD rejected the arguments pertaining to competency based on the psychological evaluation and the doctor's finding that Teague attained a perfect score on the Court Competency test. (Doc. 14 in 07-cv-0326 RB-LCS.) The arguments pertaining to competency were rejected without citation to the challenged affidavit. As to counsel's alleged failure to pursue an insanity defense, the 2007 PFRD first points out:

> To prevail on an insanity defense in a federal criminal case, a defendant must show that "at the time of the commission of the acts constituting the offense, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts." 18 U.S.C. § 17; *see also United States v. Ringer*, 2005 WL 1666105, at *3 (10th Cir. July 18, 2005). Again, Movant presents no argument or evidence to support this claim. (Doc. 1 at 4.)

(Doc. 14 at 13 in 07-cv-0326 RB-LCS.) The 2007 PFRD goes on, in the interest of thoroughness, to cite the affidavit as evidence that Teague was fully involved in the planning of his defense. However, the ruling demonstrates this additional evidence gleaned from the affidavit is superfluous to the ultimate conclusion, *i.e,* that counsel reasonably declined to pursue an insanity defense or challenge competency based on Teague's perfect score on the psychological evaluation and failure to proffer any additional detail undermining the result of that evaluation. The citation to the affidavit therefore would not change the result, and Rule 60(b)(4) does not require the Court to reopen a case after 16 years.

As another alternative basis for denying relief under Rule 60(b)(4), the Court notes that Teague has not sufficiently identified what exact information, if any, he would have proffered in a reply to the Government's 2007 Response. The Tenth Circuit has repeatedly held that the "lack of an opportunity to file a reply brief is [not] a ground for reversal," particularly where the *pro se*

litigant "neither responds to the Government's arguments nor identifies "what arguments or assertions he would have included in a reply brief." *United States v. Beasley*, No. 21-3233, 2022 WL 612505, at *2 (10th Cir. Mar. 2, 2022) (citations omitted); *see also United States v. De Leon*, No. 20-14566, 2021 WL 3478372, at *1 n.1 (11th Cir. 2021) (finding no error in denying a compassionate-release motion without a reply brief because defendant did not identify any arguments she would have made or how she was otherwise prejudiced); *United States v. Luke-Sanchez*, 327 F. App'x 774, 776 (10th Cir. 2009) (defendant not prejudiced where government failed to serve its response because he never identified arguments he would have made in reply brief). Teague now alleges that had the Court invited a reply, he would have instead sought leave to amend, changed his arguments, and demonstrated ineffective assistance through another avenue. (Doc. 64 in 07-cv-0326 RB-LCS.) This is highly speculative and does not establish grounds for relief under Rule 60(b)(4). For all of these reasons, Teague has failed to establish the 2007 Habeas Judgment is void or was entered without notice and an opportunity to be heard, based on the failure to issue an advisory order inviting a reply brief or amendment.

### 3.    Rules and Statutes Regarding Amendment or Reply

Teague also alleges various statutes and rules require an advisory order, including 28 U.S.C. §§ 2242, 2246, and 2248; Habeas Rules 5, 7, 11, and 12; and Fed. Civ. P. 81(a). These citations do not change the analysis with respect to whether the 2007 Judgment is void. Section 2242 permits petitioners to amend or supplement a habeas petition as provided in the Rules of Civil Procedure. Federal Rule of Civil Procedure 15 governs amendments and supplements, but that rule does not require the issuance of a *sua sponte* invitation. Section 2246 simply states that habeas evidence may be taken by affidavit, and that "if affidavits are admitted any party shall have the right to

15

propound written interrogatories to the affiants, or to file answering affidavits." 28 U.S.C. § 2246. The Court did not abridge this right or disregard any answering affidavit filed by Teague. He could have filed such affidavit in the seven weeks after receipt of the Government's 2007 Response or requested an extension to do so after receiving the 2007 PFRD, which cites attorney Ryan's affidavit. Section 2248 is similarly irrelevant. It requires courts to accept as true the allegations appearing in a habeas answer brief "if not traversed," "except to the extent that the judge finds from the evidence that they are not true." 28 U.S.C. § 2248. The statute says nothing about soliciting a traverse/reply.

Teague's arguments regarding the habeas and civil rules also fail. As noted above, the 2007 version of Habeas Rule 5 permits a reply but requires no special order. The 2007 version of Habeas Rule 7 provides that if a "motion is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the motion." The rule gives examples of "materials that may be required" and states the "judge must give the party against whom the additional materials are offered an opportunity to admit or deny their correctness." Habeas Rule 7(b)–(c). Judge Smith did not require materials, expand the record, or enter any Order under Habeas Rule 7. He simply directed an answer under Habeas Rule 4, rather than dismissing Teague's 2007 Habeas Motion on initial review, and the Government elected to attach the affidavit from trial counsel in its 2007 Response.

As to Habeas Rules 11 and 12, those authorities govern the habeas appeal period and permit courts to apply federal rules of procedure. Federal Rule of Civil Procedure 83 governs the adoption of local rules and has no applicability to this case. Teague has therefore failed to show the above statutes and rules require an advisory order educating *pro se* petitioners about their litigation

options and/or their rights under federal law, nor has he shown the 2007 Habeas Judgment is void based on the failure to adhere to any such statute or rule.

### 4. The PFRD Procedure Cured Any Potential Due Process Defects

Finally, and perhaps most importantly, even if a defect existed in the 2007 Habeas Proceeding based on the absence of an advisory order regarding amendment/reply, the 2007 Habeas Judgment was not entered without notice or an opportunity to be heard. The Tenth Circuit has found due process was satisfied, for purposes of Rule 60(b)(4), where the complaining party received notice of the challenged action and failed to exercise its rights prior to entry of the judgment. *See In re Four Seasons Sec. L. Litig.*, 502 F.2d 834, 843 (10th Cir. 1974) (appellant received notice of a proposed settlement and failed to opt out). This is precisely what occurred here. The Government served its 2007 Response on Teague at his correct address (712 Forest Bend Dr., Plano, TX 75023), and there is no indication that the mailing was returned. (*See* Doc. 9 in 07-cv-0326-RB-LCS.) The 2007 PFRD expressly counseled Teague that if he objected to the denial of his 2007 Habeas Petition, he was required to file a written objection within ten days.

Teague alleges the issuance of the 2007 PFRD came as a "complete surprise" because "at no time prior to the entering of the PFRD or adverse judgment was he informed that the Court would do so [*i.e.*, issue those rulings] if he failed to amend the § 2255 motion." (Doc. 67 in 07-cv-326 RB-LCS.) This explanation ignores the fact that Teague failed to exercise his right to object to the PFRD before entry of the 2007 Habeas Judgment. Teague attempts to overcome this hurdle by alleging he was "powerless to amend his [§ 2255] motion at that stage" based on controlling law, and therefore it was not worth objecting to the PFRD with a request to amend. (Doc. 69 at 3 in 07-cv-326 RB-LCS.) Due process does not require both an opportunity to be heard and a sense of

17

optimism regarding the result. Teague also fails to explain why he declined to file an appeal on the basis that he did not receive due process in the 2007 Habeas Proceeding. *See Johnson v. Spencer*, 950 F.3d 680, 703 (10th Cir. 2020) (A "party's regretted decision not to appeal an adverse judgment" is not grounds for relief under Rule 60(b)) (citation omitted). The PFRD process therefore cured any notice defect, to the extent one existed. Teague received notice and an opportunity to be heard before entry of the final 2007 Habeas Judgment, and that judgment is not void.

The Court notes that a contrary reading of Rule 60(b)(4) would allow litigants to ignore a Magistrate Judge's proposed ruling, ignore their right to appeal that ruling when it is adopted, and then lie in wait for over a decade until they have a new motivation to challenge an old judgment. Rule 60(b)(4) provides a narrow safety valve where a litigant was not involved in the adjudication of their rights; it does not allow litigants to circumvent the process for collateral review. *See Cohen v. Longshore*, 621 F.3d 1311, 1318 (10th Cir. 2010) (citing the firm-waiver rule, which states the failure to object to a PFRD waives further review of the factual and legal questions). Accordingly, no relief is available under Rule 60(b)(4).

### 5. Rule 60(b)(6) Was Not Properly Raised, and In Any Event, Relief is Unavailable

Unlike Teague's prior post-judgment motions, the Instant Rule 60(b) Motions do not appear to seek relief under Rule 60(b)(6), which allows the Court to set aside a judgment for "any . . . reason" not identified in Rule 60(b)(1)–(5) "that justifies relief." To the extent he *does* intend to seek such relief under Rule 60(b)(6), the request is denied. The circumstances of his case are not extraordinary, for all of the reasons above, and it does not "offend[] justice to deny such relief." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289, 1293 (10th Cir. 2005). Alternatively, any

Rule 60(b)(6) arguments were not raised within a "reasonable time" after entry of the 2007 Habeas Judgment. *See Davis v. Warden, Fed. Transfer Ctr., Okla. City,* 259 F. App'x 92, 94 (10th Cir. 2007) (rejecting Rule 60(b)(6) motion where habeas petition waited almost three years to seek relief); *Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1178 (10th Cir.2005) (finding no abuse of discretion in ruling that one year between judgment and Rule 60(b) motion was not a reasonable time); *United States v. Morales-Morales*, 222 F. App'x. 796, 796–97 (10th Cir. 2007) (affirming ruling that 1.5 years between judgment and Rule 60(b) motion was not a reasonable time).

Based on the foregoing, and for each alternative reason above, the Court will deny the Instant Rule 60(b) Motions. To the extent necessary, the Court will also deny a certificate of appealability (COA) under Habeas Rule 11. The lack of jurisdiction over any successive habeas claims is not reasonably debatable, nor is the rejection of Teague's Rule 60(b) arguments. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (A certificate may only issue if reasonable jurists would debate the assessment of the claims). The Court will also enter a separate order closing civil habeas case No. 21-cv-901 RB-DLM, which was treated as a separate § 2255 proceeding based on the inclusion of certain successive claims.

**IT IS ORDERED** that Anthony David Teague's Motions to Proceed *Pro Se* and for Relief Under Rule 60(b)(6) (**CR Doc. 171; Docs. 62-67, 69 in 07-cv-0326-RB-LCS; Docs. 1, 3-5, 8, 10 in 21-cv-901 RB-DLM**) are **DENIED**, except with respect to Teague's minor requests regarding construction and as set forth above.

**IT IS FURTHER ORDERED** that any successive 28 U.S.C. § 2255 claims appearing in the above-cited motions are **DISMISSED without prejudice** for lack of jurisdiction.

**IT IS FINALLY ORDERED** that a certificate of appealability is **DENIED**; and the Court

will enter a separate judgment closing the pending civil habeas case.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE